**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

_____

**No. 22-3099**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**CHRISTOPHER WILLIAMS**

**Defendant-Appellant.**


**Appeal from the United States District Court for the
Central District of Illinois, Peoria**


**THE HONORABLE James Shadid, Judge Presiding
No. 21 CR 10028**

**DEFENDANT-APPELLANT CHRISTOPHER WILLIAMS'S
BRIEF AND REQUIRED SHORT APPENDIX**


**Bart E. Beals
161 N. Clark
Suite 1700
Chicago, Illinois 60601
(312) 324-4892
bealslaw@gmail.com
Attorney for
Defendant-Appellant
Christopher Williams**

## <u>DISCLOSURE STATEMENT</u>

The undersigned, Counsel of record for Defendant-Appellant Christopher

Williams, furnishes the following list in compliance with Circuit Rule 26.1:

      1.  Christopher Williams, Defendant-Appellant

      2.  Bart E. Beals
           Beals Law Firm
           161 N. Clark, Suite 1700
           Chicago, IL 60601

      3.  Not applicable

<u>March 20, 2023</u>                        <u>/s/ Bart E. Beals</u>
Date                                     Bart E. Beals

## TABLE OF CONTENTS

DISCLOSURE STATEMENT …………………………………………………………i

TABLE OF CONTENTS ……………………………………………………….. .ii

TABLE OF AUTHORITIES ……………………………………………………….iv

JURISDICTIONAL STATEMENT …………………………………………………...1

STATEMENT OF ISSUES FOR REVIEW …………………………………………...2

STATEMENT OF THE CASE …………………………………………………….…...2

SUMMARY OF THE ARGUMENT ………………………………………………….5

ARGUMENT …………………………………………………………………………...5

    I.    THE DISTRICT COURT'S COMMITTED PROCEDURAL AND
        SUBSTANTIVE ERRORS DURING THE SENTENCING
        HEARING................................................................................................3

        A.    Standard of Review........................................................ 3

        B.    Analysis........................................................................ 3

    II.    THE DISTRICT COURT ERRED IN RULING THAT THE
        GOVERNMENT MET ITS BURDEN TO PROVE BY A
        PREPONDERANCE OF EVIDENCE REGARDING THE
        SENTENCING ENHANCEMENTS ….................................................. 7

        A.    Standard of Review........................................................7

        B.    Analysis........................................................................7

    III.    THE GUIDLEINE RANGE WAS NOT ACCURATE BECAUSE THE
        GOVERNMENT FAILED TO PROVIDE ENOUGH INFORMATION
        REGARIDNG PURITY OF THE METHAMPHETAMINE . . . . . . . . . 8

        A.    Standard of Review........................................................8

        B.    Analysis........................................................................8

CONCLUSION........................................................................................... 9

PROOF OF SERVICE....................................................................................... I

CERTIFICATE OF APPENDIX MATERIALS.............................................. II

SHORT APPENDIX...................................................................................... III

Judgment and Commitment Order ……………………….……………… A-1

Notice of Appeal …………………………………………….……….....A-8

Sentencing Memo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A-10

Transcripts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. A-15

# TABLE OF AUTHORITIES

**CASES**                                                              **Page**

*Gall v. United States,* 552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .3, 7

*Rita v. United States*, 127 S.Ct. 2456 (2007) …………..…………………………….... 4

*United States v. Corner,* 598 F.3d 411 (7th Cir.2010) . . . . . . . . . . . . . . . . . . . . .. . . . . 4

*United States v. Dean*, 414 F.3d 725, 728 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . .. .3

*United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Higdon*, 531 F.3d 561 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . .. 4

*United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . . 5

*United States v. Long Soldier,* 431 F.3d 1120, 1123 (8th Cir.2005) . . .. . . . . . . . . . . . . 3

*United States v. Maisonet-Gonzalez*, 785 F.3d 757, 762 (1st Cir. 2015) . . . . . . . . . . . 4, 5

*United States v. Martin*, 520 F.3d 87, 96 (1st Cir. 2008) . . . . . . . . . . . . . . .. . . . . . . . . 5

*United States v. Mendoza,* 510 F.3d 749 (7th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . .7

*United States v. Moore*, 52 F.4th 697, 699 (7th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Mueffelman*, 470 F.3d 33, 41 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . 5

*United States v. Richards*, 674 F.3d 215, 220 (3d Cir. 2012) . . . . . . . . . . . . . . . . . . . 7

*United States v. Rivera-Lopez*, 736 F.3d 633, 636 (1st Cir. 2013) . . . . . . . . . . . . . . . . 5

*United States v. Rivera-Moreno*, 613 F.3d 1, 8 (1st Cir. 2010) . . . . . . . . . . . . . . . . . . . 4

*United States v. Robinson*, 164 F.3d 1068, 1070 (7th Cir. 1999) . . . . . . . . . . . . . . . . 7

*United States v. Taylor*, 72 F.3d 533, 543 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . ..7

*United States v. Trinidad-Acosta*, 773 F.3d 298 (1st Cir. 2014) . . . . . . . . . . . . . . . . . . 5

*United States v. Wallace*, 458 F.3d 606, 609 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . .3

*United States v. Zehm*, 217 F.3d 506, 514 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . 5

## **JURISDICTIONAL STATEMENT**

This is a direct appeal from the conviction entered against Appellant Christopher Williams in the Federal District Court for the Northern District of Illinois Eastern Division.  The jurisdiction of the district court was founded upon 18 U.S.C. § 3231.  The jurisdiction of the United States Court of Appeals for the Seventh Circuit is founded upon 28 U.S.C. § 1291 and is based upon the following particulars:

      i.    Date of entry sought to be reviewed: Judgment in the criminal case was entered on November 8, 2022.

      ii.    Filing date for motion of a new trial: N/A

      iii.    Disposition of motion and date of entry: N/A

      iv.    Filing date of Notice of Appeal: November 21, 2022.

**STATEMENT OF ISSUES FOR REVIEW**

1.    Whether the district court erred by sentencing the Defendant to three hundred sixty (360) months in light of the circumstances of the case?

2.    Whether the government met its burden to prove the enhancements without producing a firearm and only one piece of objective evidence?

3.    Was the government required to provide additional evidence regarding purity?

**STATEMENT OF THE CASE**

Mr. Williams was charged with a four-count bill of indictment on July 20, 2021. On May 26, 2022, Mr. Williams accepted responsibility for his actions when he entered a guilty plea to all counts in the indictment.  Due to being portrayed as the head of a large, organized, and hierarchical meth distribution network, Mr. Williams received a sentence that was two times longer than most of the other individuals involved and even longer than the sentence of a participant who is a career offender that spent most of his adult life in prison.  During the investigation of Mr. Williams, federal agents interviewed approximately seventeen people regarding Mr. Williams's participation in the sale of Meth.  The government called ten (10) of the defendants that they interviewed during their investigation to testify during Mr. Williams's sentencing hearing.[1]  All the other defendants who by their own admission sold meth to a significant number of customers. Several of the individuals admitted to selling to a user that overdosed and died as a result of the meth that they provided to the drug user.  However, none of those individuals

_____

[1] Mr. Williams was the only African-American defendant in the case.

received a sentence longer than ten (10) years (a couple received less than a year of custody).

## SUMMARY OF THE ARGUMENT

The district court committed procedural and substantive errors during the sentencing hearing.  First, the district court never addressed the central argument by the defense of the huge disparity in sentences that were the result of the government's choices in how it chose to prioritize Mr. Williams as a target and selectively prosecute individuals that were involved with Mr. Williams in dealing meth.  Second, the startling disparity in sentences between similarly situated defendants in the case raises red flags that demonstrate that Mr. Williams's sentence is unreasonable.  Third, the government did not meet its burden to provide the enhancements for threats and dangerous weapons enhancements.  Finally, while it is true that the defense stipulated to the offense conduct based on weight, the government did not prove purity.

## ARGUMENT

### I.     THE DISTRICT COURT'S COMMITTED PROCEDURAL AND SUBSTANTIVE ERRORS DURING THE SENTENCING HEARING

#### A.     Standard of Review

Whether the district court's sentence was reasonable is reviewed under the abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007).

#### B.     Analysis

A reasonableness review has two prongs: (1) is it reasonable in light of the 3553 factors, and (2) will the sentence "ultimately be deemed a reasonable one." *United States v. Wallace*, 458 F.3d 606, 609 (7th Cir. 2006).  The district court is required to follow the dictates of *18 U.S.C. § 3553(a)*.  *United States v. Dean*, 414 F.3d 725, 728 (7th Cir. 2005).

3

Section 3553(a) delineates seven (7) factors.  The district court does abuse its discretion when it fails to consider a relevant factor(s) that should have received significant weight. *United States v. Long Soldier,* 431 F.3d 1120, 1123 (8th Cir.2005).

A sentence within the guidelines range is presumed to be reasonable.  *Rita v. United States*, 551 U.S. 338, 347 (2007).  "[D]istrict judges are at liberty to reject *any* Guideline on policy grounds," but "they must act reasonably when using that power." *United States v. Corner,* 598 F.3d 411, 415 (7th Cir.2010).  "[A]n individual judge should think long and hard before substituting his personal penal philosophy for that of the Commission."  *United States v. Higdon*, 531 F.3d 561, 562 (7th Cir. 2008).

<u>Considering All of the Circumstances of the Instant case,</u>
<u>The Guideline Range was Unreasonable</u>

The circumstances of the Defendant's case lent itself to a much lower sentence. The Defendant was subjected to a higher exposure of time of incarceration solely based on the decisions by law enforcement and the government.

<u>Unwarranted Sentencing Disparities Among Defendants</u>

1.  Procedural Error

One of the determinations to be made is "whether the district court made any procedural errors, such as 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the section 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  *United States v. Maisonet-Gonzalez*, 785 F.3d 757, 762 (1st Cir. 2015) (*quoting United States v. Rivera-Moreno*, 613 F.3d 1, 8 (1st Cir. 2010))**.**

The district court failed to explain why Mr. Williams received the harshest sentence of all the defendants in the instant case. Mr. Williams received a sentence that was two times longer than nearly every defendant in the case. During the sentencing hearing, each defendant was cross-examined. Each defendant admitted culpability in the instant case and hoping to receive a reduced sentence based on their cooperation. When the district court announced its sentence for Mr. Williams, there was no mention of the facts and reasoning that substantiated such a huge disparity in sentences from the other defendants in the case.

2.  The Sentence Was Unreasonable Under the Circumstances

It is the district court's duty to impose "a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing found in 18 U.S.C. § 3553(a)(2). *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011) (quoting 18 U.S.C. § 3553(a)). "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) (quoting *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011)).

"When conducting this review, we take into account the totality of the circumstances, including the extent of any variance from the Guidelines." *Maisonet-Gonzalez*, 785 F.3d at 762 (*quoting United States v. Trinidad-Acosta*, 773 F.3d 298, 309 (1st Cir. 2014)). "A sentence will withstand a substantive reasonableness challenge so long as there is 'a plausible sentencing rationale and a defensible result.'" *Id.* (*quoting United States v. Martin*, 520 F.3d 87, 96 (1st Cir. 2008)). If

"'identically situated defendants' receive significantly disparate sentences, red flags may indeed be raised." *United States v. Rivera-Lopez*, 736 F.3d 633, 636 (1st Cir. 2013) (*quoting United States v. Mueffelman*, 470 F.3d 33, 41 (1st Cir. 2006)).

The government called eleven witnesses on their behalf, where ten of the eleven admitted to being a part of selling methamphetamine and none of them received as long of a sentence as Mr. Williams.[2]  Mr. Williams was portrayed by the government as the top of the methamphetmine distribution network.  The only basis for the defendants involved in this case being differentiated from Mr. Williams is the fact that the government chose to target Mr. Williams as the boss of the organization as opposed to any of the other defendants.  The only evidence of the network being a hierarchical organization with a top boss (Christopher Williams) instead of a bunch of drug dealers that purchased drugs from each other and at time competed against each other with no top boss, were the testimonies of ten admitted drug dealers that either obfuscated legal responsibility for their crimes or were seeking lesser sentences for their crimes.  The majority of the defendants in the case admitted to having their own customers and having a significant number of customers that they served.  Many of the allegations against Mr. Williams

---

[2] 1. Ricky Rapp – prior to receiving consideration for his cooperation, he received 15 years, 2. Ronnie Bodtke – (admitted to selling drugs at the flop house where Mr. Bennett died from an overdose, but claimed to have no responsibility for the overdose death, and admitted to lying to the police regarding his level of involvement with Mr. Williams) was never charged with a federal case and only received a state possession charge that was served at 50%, 3. Dustin Test – received 190 months, 4. William Zamaro – he admitted to giving Charlie Smith the methamphetamine that caused his overdose death, was never charged federally and his state case was reduced to a simple possession where he only served 180 days in jail and probation, 5. Harold Kock – received 20 years (had a much worse criminal background than Mr. Williams), 6. Daniel Dawe – (admitted to having 15-20 customers) received 151 months, 7. Jeffery Miller – Pleaded guilty nearly a year prior to Mr. Williams's sentencing hearing but was not sentenced himself until after Mr. Williams's sentencing hearing ended, 8. Thomas Wright – career offender and received 300 months, 9. Mary Lazzari - (admitted to selling to 20 customers)(also gave methamphetamine to Sara Seybold that died of an overdose) was never charged with a state or federal methamphetamine crime, and 10. Justin Collins – had more adult convictions than Mr. Williams, was on pretrial for a state methamphetamine case when he committed the federal case where he received 180 months.

regarding the use of violence, large customer base, use of the methamphetamine with fentanyl could just as easily been made against the other defendants.  The circumstances of the instant case has a plethora of red flags.  Mr. Williams's sentence is substantively unreasonable.

II      **THE DISTRICT COURT ERRED IN RULING THAT THE GOVERNMENT MET ITS BURDEN TO PROVE BY A PREPONDERANCE OF EVIDENCE REGARDING THE SENTENCING ENHANCEMENTS**

      **A.    Standard of Review**

Whether the district court's sentence was reasonable is reviewed under the abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007). A question of law that is reviewed *de novo. United States v. Mendoza,* 510 F.3d 749, 754 (7th Cir.2007).

      **B.    Analysis**

    A.   Enhancements

"The government must prove sentencing enhancements by a preponderance of the evidence." *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010).  The appellate court exercises plenary review of a district court's interpretation of the Guidelines, but review for clear error a factual challenge to the application of the Guidelines. *United States v. Richards*, 674 F.3d 215, 220 (3d Cir. 2012).

A "defendant has a due process right to be sentenced on the basis of reliable information," *United States v. Zehm*, 217 F.3d 506, 514 (7th Cir. 2000).  A "sentencing judge can consider a wide range of information in reaching sentencing determinations provided it is reliable or, as we have said, provided it includes 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Robinson*, 164 F.3d 1068,

1070 (7th Cir. 1999)(Where thecourt rejected the increase in drug quantity based on an informant's testimony that the court found to be unreliable.)(citing *United States v. Taylor*, 72 F.3d 533, 543 (7th Cir. 1995)).

1. The Government Did Not meet its Burden of Proof

The government produced ten witnesses on their behalf.  Only three of the ten witnesses stated that Mr. Williams allegedly made some type of threat towards them. One of the witnesses testimony, Harold Shane Koch, was in stark contrast to another of the government's witness, Mary Lazzari.[3]  Only one witness produced some evidence via selective text messages.  The other two witnesses did not produce any objective evidence to support their claims.  Mr. Bodtke alleged that Mr. Williams made a vague threat to shoot up his house but that was the only threat and Justin Collins provided text messages where Mr. Williams appeared to be aggressively pursuing the repayment of a debt. Seven of the other witnesses stated that Mr. Williams never threatened them.  Many of them had dealings with Mr. Williams for a year or more.  Most also stated that they never saw Mr. Williams with a weapon.

III. **THE GUIDLEINE RANGE WAS NOT ACCURATE BECAUSE THE GOVERNMENT FAILED TO PROVIDE ENOUGH INFORMATION REGARIDNG PURITY OF THE METHAMPHETAMINE**

The "some evidence" standard is not a demanding one. *United States v. Moore*, 52 F.4th 697, 699 (7th Cir. 2022).  A " defendant whose liberty is at stake is entitled to hold the government to its burden of proof by a preponderance of reliable evidence. An

---

[3] Mr. Koch admitted to owing Mr. Williams money and claimed to have been threatened by Mr. Williams.  However, Ms. Lazzari stated that she gave Mr. Williams a ride to look for Mr. Koch where they both were stopped by the police and searched and Mr. Williams did not have any weapons on him. Trans. A-285, lines 1-24.

unsupported assumption does not tell us anything about whether test results in a particular case can reasonably be relied upon." *Id* at 701.

The defense during the sentencing hearing stipulated to the weight of the methamphetamine and the offense conduct based on the weight. However, in spite of that stipulation, it is the position of the defense that some evidence of purity must have been presented at the sentencing hearing.

## **CONCLUSION**

THEREFORE, the undersigned respectfully requests this Honorable Court remand the Defendant's case to the district court for resentencing.

Respectfully submitted,
By:/s/ Bart E. Beals
Bart E. Beals
161 N. Clark
Suite 1700
Chicago, Illinois 60601
(312) 324-4892 Office
(312) 981-0051 Fax
bealslaw@gmail.com
Attorney for
Defendant-Appellant
Christopher Williams

Dated: March 20, 2023

9

## **CERTIFICATE OF SERVICE**

I, Bart E. Beals, an Attorney, certify that on March 20, 2023, I filed the

Appellant Brief with the Clerk of the Court for United States Court of Appeals for the

Seventh Circuit by using the CM/ECF system.

/s/ Bart E. Beals

## CERTIFICATE OF COMPLIANCE WITH RULE 30(a) and (b) and 31(e)

The undersigned, counsel of record for Defendant-Appellant, certifies that all the

materials required by Circuit Rule 30(a), (b) and (d) are contained in this appendix.

In addition, I have filed electronically, pursuant to Circuit rule 31(e), a version of

the brief and all appendix items that are available in non-scanned PDF format.

Date: March 20, 2023

Beals Law Firm

By: /s/ Bart E. Beals
   Bart E. Beals

Bart E. Beals
BEALS LAW FIRM
161 N. Clark, Ste 1700
Chicago, IL  60601
(312) 324-4892 (office)
(312) 981-0051 (fax)

**APPENDIX**

**TABLE OF CONTENTS**

Judgment and Commitment Order …………………………..……………… A-1

Notice of Appeal ……………………………………………..……......A-8

Sentencing Memo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A-10

Sheet 1

# UNITED STATES DISTRICT COURT

Central District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| Christopher R Williams, Jr. | ) |
| a/k/a | ) |
| "Black" | ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  21-CR-10028-001

USM Number:  15981-026

Bart Edward Beals
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1,2,3,4

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 and | Conspiracy to Distribute and Possess With Intent To Distribute | 2/29/2020 | 1 |
| 21 U.S.C. § 841(a)(1) and | | | |
| 21 U.S.C. § 841(b)(1)(A) | | | |

The defendant is sentenced as provided in pages 2 through    7    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/8/2022
Date of Imposition of Judgment

s/James E. Shadid

Signature of Judge

James E. Shadid, U.S. District Judge
Name and Title of Judge

11-10-22
Date

AO 245B (Rev. 09/17)    Judgment in a Criminal Case    Document: 11    Filed: 03/20/2023    Pages: 32
Sheet 1A

Judgment—Page __2__ of __7__

DEFENDANT:  Christopher R Williams, Jr. a/k/a "Black"
CASE NUMBER:  21-CR-10028-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) | Distribution of Methamphetamine | 12/4/2019 | 2 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 | Distribution of Methamphetamine | 12/10/2019 | 3 |
| 21 U.S.C. § 841(a)(1) and 841 (b)(1)(A) | Distribution of Methamphetamine | 1/5/2020 | 4 |

AO 245B (Rev. 09/17)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   3   of   7

DEFENDANT:  Christopher R Williams, Jr. a/k/a "Black"
CASE NUMBER:  21-CR-10028-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

360 months.  This term shall consist of 360 months on each of Counts 1-4 to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve his sentence in a facility as close to his family as possible, as determined by the Bureau of Prisons. It is also recommended that the defendant not serve his sentence near Peoria, Illinois.  It is further recommended that he serve his sentence in a facility that will allow him to participate in the Residential Substance Abuse Treatment Program and maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A-3

AO 245B (Rev. 09/17)  Judgment in a Criminal Case
                      Sheet 3 — Supervised Release

|  |  |  | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|---|---|

DEFENDANT:   Christopher R Williams, Jr. a/k/a "Black"
CASE NUMBER:   21-CR-10028-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 years.  This term shall consist of 5 years on each of Counts 1 and 4 and 3 years on each of Counts 2 and 3, all to run concurrently.

 

 

 

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or the probation officer.

2. You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency as directed by the court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to the defendant's conditions of supervision. Any answers the defendant gives in response to the probation officer's inquiries as they relate to the defendant's conditions of supervision must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.

4. The defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.

5. The defendant shall permit a probation officer to visit him at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

6. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

7. The defendant shall not knowingly meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the Court.

8. The defendant shall not knowingly be present at places where controlled substances are illegally sold, used, distributed, or administered.

9. You shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substances that impair physical or mental functioning except as prescribed by a physician. You shall participate in a program for substance abuse treatment as approved by the U.S. Probation Office including not more than six tests per month to determine whether you have used controlled substances. You shall abide by the rules of the treatment provider. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

AO 245B (Rev. 09/17)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT:  Christopher R Williams, Jr. a/k/a "Black"
CASE NUMBER:  21-CR-10028-001

## ADDITIONAL SUPERVISED RELEASE TERMS

10. The defendant shall attempt to secure regular and lawful employment, unless excused by the probation office for schooling, training, or other acceptable reasons. The defendant shall keep the probation officer advised of any changes in his employment status.

11. You shall not knowingly possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921(a)(4) or any object that you intend to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT: Christopher R Williams, Jr. a/k/a "Black"
CASE NUMBER: 21-CR-10028-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page   7   of   7

DEFENDANT:  Christopher R Williams, Jr. a/k/a "Black"
CASE NUMBER:  21-CR-10028-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $   400.00   due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

United States of America       )
)
)
)     21 CR 10028
v.           )     Judge James E. Shadid
)
Christopher Williams      )
)
Defendant.      )
_____)

<u>**NOTICE OF APPEAL**</u>

Christopher Williams, the defendant, respectfully provides a notice of appeal.  Mr. Williams seeks a new sentencing hearing or a reduction of his sentence based on the following issues:

1.    Mr. Williams appeals the Court's sentence of three hundred sixty (360) months based on being unreasonable.

2.    Mr. Williams appeals the Court's calculation of the sentencing guidelines.

3.    Mr. Williams appeals the Court's ruling regarding the gun and threats enhancements.

Respectfully submitted,


<u>/s/ Bart E. Beals</u>
Bart E. Beals
Beals Law Firm
180 N. LaSalle Ave
Suite 3700
Chicago, IL  60601
(312) 863-8663

A-8

## CERTIFICATE OF SERVICE

I, Bart E. Beals, an Attorney, certify that on November 21, 2022, I served the

Notice of Appeal on the below listed party pursuant to Fed.R.Crim.P.49, L.R. 5.5, and the

General Order on Electronic Case Filing of the United States District Court for the Central

District of Illinois:

Katherine Legge
Assistant United States Attorney


/s/ Bart E. Beals

- 2 -

**IN THE UNITED STATES DISTRICT COURTCENTRAL DISTRICT OF ILLINOIS URBANA DIVISION**

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| | ) | | |
| | ) | 21 CR 10028 | |
| | ) | | |
| v. | ) | Judge James Shadid | |
| | ) | | |
| Christopher Williams | ) | | |
| | ) | | |
| Defendant. | ) | | |

---

## SENTENCING MEMORANDUM AND MOTION FOR VARIANCEFROM SENTENCING GUIDELINES RANGE

Defendant Christopher Williams, by and through his attorney, Bart E. Beals, submits the following sentencing memorandum and motion for variance from the sentencing guideline range. Pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. §3553(a), Mr. Williams respectfully requests that the Court sentence him to one hundred twenty (120) months because under the circumstances of the case and characteristics of Mr. Williams the guidelines range is unreasonable. In support of this request, Mr. Williams states the following:

**I. Introduction**

Mr. Williams asks that this Court take into consideration all relevant factors, not just the Sentencing Guidelines Range, in determining a sentence that achieves the goals of sentencing. It is the position of the defense that the sentencing guidelines range is unreasonable for several reasons. First, the guidelines range is unreasonably inflated because the amount of drugs that are allegedly attributable to Mr. Williams. The amount is inflated based on the testimonies of individuals trying to obfuscate their own accountability for their own actions and receive a

lesser sentence.  Second, Mr. Williams's criminal history is based on two convictions from when he was under the age of twenty-one (21) years old.

**Guideline Range**

The PSR calculates the guideline range as 324-405 months based on an offense level of 38 and four (4) point increase based on leader role.  However, the defense objects to that calculation and asserts that the offence level should be no more than 32 with no increase for role in the instant case.  It is the position of the defense that Mr. Williams's guideline range should be 108-135 months.

**Who is Christopher Williams?**

Is Christopher Williams a criminal that is likely to reoffend or is he an early middle-aged father with a disadvantaged past that is groping for a better future while trying to shed the bad decisions and bad habits from his past?  The defense believes that he is the latter.

The person that Mr. Williams is today is the result of many choices. The choices that Mr. Williams have made during his adult life while fully attributable to him were also a product of habits, perspective, and options that were formed during his difficult childhood.   Mr. Williams is still an unfinished product, but he is dedicated to continuing to move away from the bad habits of his past and to try to build better habits for a better future.

He is a thirty-one (31) year old father that made a bad decision. PSR, p. 23, para. 82.  He does not blame his bad decision that has led him to this case on anyone but himself, but the negative influences in his life cannot be ignored in understanding Mr. Williams.  Mr. Williams was born with cocaine in his system due to his mother using crack when she was pregnant with him.  Id at para. 83.  He was placed into DCFS custody and raised by his aunt until the age of 14 because of his mother's addiction and his father's incarceration. Id.  He grew up without his

father in a difficult neighborhood.  Id. At para. 84.

Mr. Williams is not just another statistic, but statistics give an explanation to many of his bad decisions in the past. The lack of a stable home environment and a father figure in his life started Mr. Williams down a series of bad decisions that lead to less options for a good future, which in turn lead to more bad decisions. Mr. Williams was raised in a household where one of his parents was a drug addict and the other was in prison. He grew up without a father or proper "guidance."  Mr. Williams followed the traditional path that many disadvantaged young men without a good example, good job, and good habits fall into. He eventually got sucked in the criminal justice system due to having developed bad habits, a bad work ethic, and lack of a diploma, which led him down a path of drug abuse and crime at a young age.

Mr. Williams's unstable home environment and lack of a father figure may have been a contributing factor in his disinterest in education when he was young. He did not finish high school.  There have been several studies that demonstrate a direct connection between educational achievement and crime.  One such study conducted by the University of California reached the conclusion that the more a person is educated the less likely the person will be to engage in risky behavior and to become more patient in pursuing gratification. Yes.  Maybe it was Mr. Williams's choice to not apply himself in school; but there is no question that it was not of his choice to grow up in an unstable  household without a father figure and without a feeling of safety,belonging, and nurturing.

## II. Relevant Factors Demonstrate That a Sentence in Excess of One Hundred Twenty (120) Months Would Be Greater than Necessary to Achieve the Purposes of Sentencing.

The district court is not obligated to sentence Mr. Williams within the applicable guidelines range, it is only required to make sure to use the correct calculation of the sentencing range, and consider the facts mentioned in the PSR and arguments asserted by the defense

"without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). While district courts must in all cases consider the guideline range, the guidelines do not subordinate the other factors in *3553(a)*. *United States v. Booker*, 543 U.S. 220, 245-46 (2005). All guidelines are advisory, and the district has discretion to vary from all guidelines. *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010)(en banc). "[T]he sentencing judge has considerable discretion to individualize the sentence to the offense and offender as long as the judge's reasoning is consistent with *§3553(a)*." *United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007).

### 18 U.S.C. § 3553(a)

It is the position of the defense that a sentence of one hundred twenty (120) months is a reasonable sentence to achieve the purposes of sentencing in compliance with *18 U.S.C. § 3553*. This honorable Court has the discretion pursuant to the law to sentence Mr. Williams to a sentence of one hundred twenty (120) months. It is the appropriate sentence that fits the policy considerations of sentencing considering the nature of the case, and the history, characteristics of Mr. Williams.

**(A)     Nature and Characteristics of the offense and the History of the Defendant**

Mr. Williams is facing a lengthy sentencing guidelines range according to the PSR, primarily based on relevant conduct that is based on the statements of people with a motivation to exaggerate or even lie about their connections to Mr. Williams. The instant case is a nonviolent drug offense

**(B)     The Need the Sentence Imposed**

Mr. Williams had just started to climb out from under the bad decisions of past and the disadvantages that he was imposed upon him as a product of his birth. Mr. Williams

understands that he cannot and should not escape the consequences of his actions. He is just asking that the punishment fits the crime and to be allowed the opportunity to put himself in the best position to never make the same mistake again and never be involved in the criminal justice system again.  He is just asking for an opportunity to get back to his family in order to begin to try to make amends for his bad judgment.

**(C)     The Kinds of Sentences that are Available**

The Court has the authority to impose a sentence of one hundred twenty (120) months because it is within the statutory minimum sentence.

**III.     Conclusion**

Mr. Williams made a huge mistake, who is now ready to face the consequences of his actions. He requests that this Court gives him a sentence of one hundred twenty (120) months; it is a reasonable sentence that achieves the purpose of *18 U.S.C. §3553*.

Respectfully submitted,

By:     /s/  Bart E. Beals
        Bart E. Beals
        Attorney for Christopher Williams

Bart E. Beals
Beals Law Firm
180 N. LaSalle
Suite 3700
Chicago, Illinois 60601
(312) 324-4892

A-14